THE IBERIA.

(Circuit Court of Appeals, Second Circuit.  May 23, 1903.)

No. 170.

1. COLLISION—STEAMER AND SAILING VESSEL MEETING—OBSTRUCTION OF LIGHTS.
   A sailing vessel held solely in fault for a collision with a meeting steamship at sea in the night for allowing her sidelights to be obscured by her sails and for the failure to keep a proper lookout.

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal from a decree of the District Court, Eastern District of New York, holding the brigantine Carib solely in fault for a collision with the S. S. Iberia off Point Caballos, outside the harbor of Puerto Cortez, Spanish Honduras, in the evening of October 24, 1900.

For opinion below, see 117 Fed. 718.

W. F. Taylor, for appellant.

W. Mynderse, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM.  The District Judge has so exhaustively discussed the evidence that it seems sufficient to refer to his opinion and express our concurrence in its findings and conclusions.  It is not often, in collision cases, that conflicting testimony can be harmonized as satisfactorily as it can here.  The presence of the steamer Foxhall a little to the west of the Iberia, and bound on a parallel course, accounts for the testimony from the Carib to the effect that the Iberia was to the westward of the Carib's course.  What the witnesses saw was the Foxhall.  The evidence leaves no doubt that the starboard light of the Carib on her main rigging was obscured by the foresail, a circumstance which explains the testimony of those on the Iberia as to the dim white light, apparently a considerable distance off, which was undoubtedly the cabin light of the Carib, seen through the forward windows.

The Carib was grossly in fault for so arranging her lights and sails that upon occasions (such as this) there would be a considerable field of obscuration on one or both sides of her stem, and also for failing to keep a proper lookout, and thus not discovering the Iberia as promptly as she did the Foxhall.  The faults of the Carib being thus primary, obvious, and inexcusable, the evidence to establish fault on the part of the Iberia must·be clear and convincing in order to make out a case for apportionment.  We concur with the District Judge in the conclusion that there is no such proof of fault on her part.

The decree is affirmed, with interest and costs.